# IN THE COURT OF APPEALS OF IOWA

No. 16-0272
Filed April 6, 2016

**IN THE INTEREST OF G.B., K.B., A.S., and T.S.,**
**Minor Children,**

**J.B., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Michelle M. Jungers of Iowa Legal Aid, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Melissa A. Anderson-Seeber of Juvenile Public Defender, Waterloo, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her four children. As to her youngest two children, she argues the State failed to prove the statutory grounds for termination by clear and convincing evidence and the court should not have terminated her rights because the children are placed with their father. Regarding her two older children, the mother contends the court should have granted her additional time to work toward reunification. Finally, she asserts she shares a bond with her children and therefore termination is not in their best interests. We affirm.

## I.    Background Facts and Proceedings

The mother has four children: G.B., born in October 2009; K.B., born in April 2011; A.S., born in June 2012; and T.S., born in May 2013. The Iowa Department of Human Services (DHS) became involved with the family in December 2013, due to allegations the father of the two youngest children had assaulted the mother in the presence of all four children. In March 2014, DHS began voluntary services with the family. In June, DHS learned the mother had been incarcerated one-and-a-half weeks prior and attempted to locate the children. At the time, the mother reported the children were with a friend who planned to take the children to Illinois to be cared for by their maternal grandmother. However, the identified caregiver turned out not to be the children's grandmother but actually someone who had a history of crack cocaine use. The children—ranging in age from one to four—were later found in an apartment in Chicago with no food and no caregiver present. DHS removed the

children from their mother's care and custody and placed them in family foster care.

In August 2014, the juvenile court adjudicated the children as children in need of assistance (CINA). In October, the court held a dispositional hearing and entered an order confirming the CINA adjudication, continuing placement of the two older children in family foster care, and beginning a trial home placement of the two younger children with their biological father. In December, the court held a review hearing and continued placement of the two older children in foster care and returned the two younger children to the care, custody, and control of their father.

In June 2015, the juvenile court held a permanency hearing. Following the hearing, the State filed a petition for termination of parental rights. In September, the court held a termination hearing at which the mother did not appear. In November, the court entered an order terminating the mother's parental rights to her four children pursuant to Iowa Code section 232.116(1)(f) and (h) (2015).[1] The mother filed a motion to enlarge and amend the juvenile court's findings, which the court denied. She appeals.

## II.     Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but we are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary

---

[1] The juvenile court terminated the parental rights to any putative fathers of G.B. and K.B. pursuant to Iowa Code section 232.116(1)(b) (abandonment). The court dismissed the termination petition as to the biological father of A.S. and T.S.

consideration is the best interests of the children.  *Id.* at 776.

**III.    Analysis**

*A.  Statutory Grounds for Termination*

The juvenile court terminated the mother's parental rights to A.S. and T.S. under Iowa Code section 232.116(1)(h).  Under that section, the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence the child (1) is three years old or younger; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parents for at least six of the last twelve months, or the last six consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the custody of the parents at the time of the termination hearing.  Iowa Code § 232.116(1)(h).

The mother does not dispute A.S. and T.S. are three years old or younger, have been adjudicated CINA, and could not be returned to her custody at the time of the termination hearing.  Instead, her argument on appeal focuses on the third element, arguing the State failed to prove the statutory grounds for termination as to A.S. and T.S. by clear and convincing evidence because the children were in the care, custody, and control of their father.

In *In re J.P.*, No. 15-1084, 2015 WL 5309113, at *3 (Iowa Ct. App. Sept. 10, 2015), we held, "under section 232.116(1)(h) one parent may have parental rights terminated while a child remains in the care of the other parent."  A.S. and T.S. were in the care and custody of their mother at the time of the removal and placed in the care and custody of their father in December 2014.  They have remained out of the care and custody of their mother since June 2014 with no

trial periods at home. Accordingly, we find clear and convincing evidence the State has proved the children were removed from the care and custody of their mother for at least six of the last twelve months, or the last six consecutive months even though the children remained in the care of their father. We affirm the juvenile court's order terminating the mother's parental rights to A.S. and T.S. under Iowa Code section 232.116(1)(h).[2]

*B. Best Interests*

The mother asserts termination is not in her children's best interests because they are bonded to her. Even if a statutory ground for termination is met, a decision to terminate must still be in the children's best interests after a review of Iowa Code section 232.116(2). *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). Section 232.116(2) provides "the court shall give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]."

Here, the juvenile court examined the factors set forth in section 232.116(2) and concluded:

> [The mother] has not protected the children or maintained a safe environment for their well-being as evidenced by earlier statements concerning the children found abandoned and huddled in an apartment with no food in Chicago. As far as being the best placement for furthering and long-term nurturing and growth of the children, the return of [T.S.] and [A.S.] to their father has put them in an environment in which they will thrive.
> [K.B.] and [G.B.] continue to perform better at school and in their placements when they have not had visits from their mother. Visits from their mother and her lack of parenting skills and

---

[2] The mother did not challenge the statutory grounds for termination of her parental rights to G.B. and K.B.

involvement allowed the children to regress to their prior behaviors, which were antisocial and unmanageable. A lack of visitation with their mother has proved to be beneficial to both [K.B.] and [G.B.]. It appears that [the mother] has placed herself on a steady downward spiral in which she is currently on the lam and not addressing her mental health or substance abuse issues. [The father of A.S. and T.S.] has addressed a number of his issues and is providing a structured, positive, and loving atmosphere for his two children and as such both [A.S.] and [T.S.] will be in a much better environment for their physical, mental, and emotional needs. [G.B.] and [K.B.] will have their physical, mental, and emotional needs better met by a potential adoption and continued absence of their mother in their lives.

We agree with the juvenile court and are convinced all four children's best interests require termination of the mother's parental rights. These young children need safety, permanency, and stability. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). "Insight for the determination of the child[ren]'s long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (quoting *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981)). Based upon our de novo review of the record, we find termination is in the children's best interests and affirm the juvenile court's order.

*C. Exceptions to Termination*

The mother argues an exception to termination applies with respect to A.S. and T.S. because they are in the custody of their father. A court need not terminate parental rights if it finds any of the statutory exceptions under section 232.116(3) apply. *In re P.L.*, 778 N.W.2d at 39. Iowa Code section 232.116(3)(a) provides "[t]he court need not terminate the relationship between the parent and child[ren] . . . [when] [a] relative has legal custody of the

child[ren]." This factor is permissive, not mandatory, and the court may use its discretion, "based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011).

Our review of the record before us reveals the mother did not appear at the termination hearing and her whereabouts were unknown at the time because she was avoiding arrest warrants in Iowa and Illinois. She had not yet addressed her serious mental health or substance abuse issues and had been unable to maintain stable housing or employment. Although the mother initially engaged in some of the numerous services offered to her, her participation was hit or miss, and she made little progress if any. She did not participate in any services after late May 2015. She had also been running from her parental duties for over three months leading up to the termination hearing—she did not see or attempt to communicate with her children or even inquire as to their well-being.

We find the children are happy and thriving in their father's care. We cannot ask them to continuously wait for their mother to become a stable parent. *See In re D.W.*, 791 N.W.2d at 707; *see also In re A.B.*, 815 N.W.2d at 777 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d at 41)). We conclude the fact that A.S. and T.S. are in the legal custody of their father does not weigh against termination of the mother's parental rights here.

*D.  Additional Six Months*

The mother asserts the juvenile court should have granted her an additional six months to work toward reunification with G.B. and K.B.  Iowa Code section 232.104(2)(b) allows a juvenile court to "continue placement of the child[ren] for an additional six months," so long as the court determines that the need for removal "will no longer exist" at the end of the six-month extension.  Iowa Code § 232.104(2)(b).

In its order denying the mother's motion to enlarge and amend the court's findings, the juvenile court stated,

> [The mother] has failed in every way to address the issues concerning her substance abuse, mental health, and/or parenting skills coupled with her lack of maternal instincts.  [She] was unable to provide the Court any time frame upon which she would be addressing the above-issues as she was not present at the time of the hearing. . . .  [Further, she] has failed to present any evidence that would lead the Court to believe that she would be capable of completing a 180 degree turnaround concerning her parenting skills.  The Court does not believe that [the mother] has presented any evidence that would lead the Court to believe that a deferral of permanency for six months would be appropriate.

On our de novo review of the record, we agree with the juvenile court and conclude the mother is not entitled to an additional six months because she has not proved the need for removal will no longer exist at the end of that six-month period.  *See* Iowa Code § 232.104(2)(b).

For the reasons stated above, we affirm the juvenile court's order terminating the mother's parental rights to her four children.

**AFFIRMED.**